(Nos. 30710, 30711.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD LANG, Plaintiff in Error.

*Opinion filed January 19, 1949.*

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, MELVIN S. REMBE, W. S. MIRO-SLAWSKI, ARTHUR F. MANNING, and ALEXANDER J. NAPOLI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Howard Lang, plaintiff in error, was indicted in the criminal court of Cook County for the crime of murder. He entered a plea of not guilty and the case was presented to a jury for determination. At the close of the People's evidence defendant moved for a directed verdict which motion was overruled. After several conferences between court and counsel a juror was withdrawn and a mistrial was declared, at which time defendant withdrew his plea and entered a plea of guilty. Considerable evidence was taken in mitigation of the offense after which the court sentenced the defendant to the penitentiary for a term of twenty-two years. Motions for a new trial and in arrest of judgment were presented and overruled. A motion was then made by the defendant to vacate the sentence and expunge from the record the plea of guilty. This motion was denied. Defendant then filed a motion in the nature of a writ of error *coram nobis* to have the judgment recalled and set aside by reason of error of fact. This motion was overruled and defendant brings his writ of error here under No. 30710, and appeals from the ruling on his motion in the nature of a writ of error *coram nobis* under No. 30711, both cases being here consolidated.

The principal errors assigned are, (1) that a judgment of conviction was entered against a child thirteen years of age without proof of capacity to commit the crime; (2) that the trial court did not fully explain the consequences of the plea of guilty to the defendant before same was accepted and entered; (3) that the plea of guilty was induced by coercion and a misapprehension of law and fact and therefore the court erred in refusing to expunge the plea of guilty from the record and vacate the sentence.

Defendant, aged thirteen, was indicted for the murder of one Lonnie Fellick, aged seven, on October 18, 1947. He entered a plea of not guilty and before his trial his counsel made various proposals to the court relative to having the defendant examined by a psychiatrist to determine his mental and physical condition. After several conferences with the court an order was entered permitting the defendant to be examined by a doctor of defendant's choice. Thereafter, the case was reassigned to another judge, which court was informed, after numerous conferences, that the defense would be temporary insanity. During these various conferences the defendant's counsel urged the court and State's Attorney to handle the case on its sociological aspects rather than on the ordinary basis. During the conferences defendant's counsel advised the court that an examination of defendant had been made by one Dr. Urse, who pronounced defendant sane at the time of the examination. The report was made of record. Defendant's counsel proposed to the court and State's Attorney that defendant be sent to the St. Charles School for Boys, to Father Flannigan's Boy's Town or to the Dixon State Hospital, stating that at those places he might be rehabilitated. After all of this procedure the case was called for trial before a jury and tried for some weeks during which the People adduced evidence tending to prove that defendant had committed the murder in a vicious manner by stabbing the deceased with a knife, and battering and strangling him in a grue-

some manner. There was some evidence that the killing was preceded by certain acts of sexual perversion.

At the close of the evidence by the People the defendant moved for a directed verdict which was overruled. A series of conferences then ensued between court and counsel out of the presence and hearing of the jury during which the defendant's counsel offered to enter a plea of guilty on the part of the defendant to manslaughter, which was refused by the court and the State's Attorney. Thereafter, defendant's counsel expressed an intention to proceed with the trial and certain phases of evidence were discussed as to their admissibility. During this discussion the court stated to defendant's counsel, "If you go on with the trial in the manner you propose, you will be denounced from every public platform for the manner in which you are conducting yourself," and then directed that the trial would proceed at 1:30 P.M. the same day.

When the court convened defendant's counsel reopened the question of disposing of the defendant in a "humane way" and expressed a desire to have the defendant enter a plea of guilty, at which time he urged the court to handle the case so that the defendant could be rehabilitated and said he was entering the plea of guilty because he felt that the court would be more humane than the jury. The court then instructed counsel for the defendant to talk to the defendant in the presence of his mother and to explain the consequences of a plea of guilty. The defendant's counsel then conferred with defendant and his mother and advised the court that it was their desire to enter a plea of guilty, at which time the court permitted the plea of not guilty to be withdrawn and a mistrial declared. The plea of guilty was then tendered and the court called defendant's mother and talked to her with reference to the plea and then called the defendant and advised him and questioned him with reference to a plea of guilty, which was then accepted and entered of record. Thereafter, evidence in mitigation was

heard and the sentence pronounced. Counsel who appears in this court entered the case after sentence.

The motion for a new trial which was filed together with a motion to vacate the conviction was supported by affidavits of the defendant, his mother and his counsel, in which it is alleged, in substance, that the plea was entered with the understanding of counsel that defendant would not be sentenced to the penitentiary, but would be sent to a trade school, and that the court had given defendant's counsel to so understand before the plea was entered and that they had advised defendant to enter the plea on this understanding. An affidavit of one Dr. Irene Sherman, a psychiatrist, was also attached which states, in substance, that defendant is defective mentally and is unable to choose between right and wrong. Certain portions of the affidavits were stricken, and the motion denied. The People filed counteraffidavits in which they substantially deny the unstricken portion of defendant's affidavits.

It is first urged on the part of the defendant that there was insufficient proof of capacity on the part of the defendant to sustain a conviction. Before the rule of law was changed in Illinois, under the common law an infant within the age of seven years was incapable of committing a crime; and between the ages of seven and fourteen an infant was presumed to be incapable of crime; and after the age of fourteen had been attained the presumption was that an infant was capable of committing a crime and was responsible for his criminal acts as an adult. (43 C.J.S., 216.) The rule has now been changed in Illinois by statute which provides, "An infant under the age of ten years shall not be found guilty of any crime or misdemeanor." (Ill. Rev. Stat. 1947, chap. 38, par. 591.) Section 10 of division II of the Criminal Code provides, "A person shall be considered of sound mind who is neither an idiot nor lunatic, nor affected with insanity, and who hath arrived at the age of fourteen years, or before that age if such person know the

distinction between good and evil." Ill. Rev. Stat. 1947, chap. 38, par. 590.

In the case of *Angelo* v. *People,* 96 Ill. 209, the defendant was eleven years of age at the time of the commission of the crime and was convicted on a charge of murder. The record in that case revealed no proof of capacity and the court in reversing the conviction held that by the statute an infant under the age of ten years is incapable of committing a crime, that at the age of fourteen the law presumes capacity without proof of a knowledge of good and evil, but between these ages "the evidence of that malice which is to supply age must be strong and clear beyond all doubt and contradiction," as the *prima facie* presumption is that the party is *doli incapax*. This court in that case said, "* * * and the legal presumption being that he was incapable of committing the crime, * * * it devolved on the People to make the strong and clear proof of capacity, before they could be entitled to a conviction."

In the instant case the defendant was twelve years of age when the crime with which he is charged was committed. The record discloses that from the outset the defendant repeatedly indicated to the court that his defense would be temporary insanity. Before the trial various proposals were made by the defense to have the defendant examined as to his mental and physical condition, which resulted in an order being entered by the court permitting counsel for the defendant to have him examined by a psychiatrist. Nothing appears in the record indicating that the People joined in this inquiry. The only direct evidence of capacity of record before the plea was entered is a letter from the psychiatrist who made the examination, addressed to defendant's counsel, in which the psychiatrist states that he examined the defendant and that "on the basis of this examination of Howard Lang, it is my opinion he is not mentally ill, however, in view of the gravity of the charge against him and the nature of the alleged act, it is suggested

that he be given more comprehensive and exhaustive examination to more critically evaluate his mental condition." This letter was made of record under stipulation that defendant was sane "at this time." There is no suggestion that defendant admitted capacity as of the time the crime was committed.

The People point to evidence appearing in the record that the defendant told another boy, who was present at the time the crime was committed, not to tell anybody about the crime; that he disposed of the knife used in the crime and his clothing; that he stated to another boy to whom he had revealed the crime that he would not tell the police and that he misled the family of the slain boy as to his activities. It is contended that this shows a consciousness of guilt and a knowledge of right from wrong.

The record also reveals that during the period shortly after the date of the crime the defendant revealed the crime to several of his acquaintances; that they stated their disbelief that he had committed the crime and that he offered to show them the body of the slain boy.

In view of the law as announced in *Angelo* v. *People,* 96 Ill. 209, requiring proof on the part of the People to overcome the presumption of incapacity by "evidence strong and clear beyond all doubt and contradiction," available to those of tender years, we do not see how it can reasonably be said that duty was adequately discharged by the People in the instant case. The unverified letter of the psychiatrist who examined the defendant contains in itself a clear expression of doubt in the psychiatrist's mind as to the defendant's mental condition. Defendant's apparent anxiety to have his acquaintances know of his crime is certainly contradictory of any inference that he knew good from evil which might arise from his conduct tending to conceal the crime. The question is presented in this connection as to whether the action of defendant's counsel in consenting to the trial and in admitting defendant was sane at the time

of the trial was sufficient to relieve the People of their duty to establish capacity. The presumption of incapacity attached to defendant and, under the law as declared in the *Angelo case,* could be overcome only by evidence strong and clear enough to establish capacity beyond a reasonable doubt. The fact that defendant proceeded to trial cannot be said to amount to a waiver of the question of capacity. The capacity of the defendant is a material fact to be established by the People on the trial and the submission of that question to trial cannot be said to be a waiver of it.

Further, the record discloses there was considerable misunderstanding between counsel, the court, the defendant and his mother, as to the effect of his plea of guilty, and as to whether he was to be sent to the penitentiary or, as the court said in examination of the defendant, "to an institution."

It is defendant's position that he did not understand that he was to be sent to the penitentiary. We have gone over this record carefully and have been unable to find where the defendant, before he entered his plea of guilty, was apprised by anyone in authority that he might be sentenced to the penitentiary on a plea of guilty. The affidavits filed, as disclosed by this record, show that defendant was advised by his counsel that he was not to be sentenced to the penitentiary and the counteraffidavit filed by the People does no more than deny there was any basis for such advice. This court in *People* v. *Adams,* 379 Ill. 323, said: "It is a rule often announced that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court and this discretion will not ordinarily be disturbed unless it appears that the plea of guilty was entered on a misapprehension of the facts or of law, or in consequence of misrepresentation by his counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused; where he has a defense worthy of consideration by a jury, and the ends of justice will be better served by submitting the case

to a jury. (*People* v. *Denning,* 372 Ill. 549; *People* v. *Throop,* 359 Ill. 354; *People* v. *Kurant,* 331 Ill. 470; *People* v. *Stamatides,* 297 Ill. 582.)"

In *People* v. *Varecha,* 353 Ill. 52, this court said, "A plea of guilty should be entered only when the person making it is of competent understanding and has been fully informed respecting the consequences of the plea." From the record here it would seem there is substantial doubt of defendant's competent understanding of his plea and considerable misunderstanding on his part respecting the consequences of his plea. We find here a boy of the age of twelve years charged with a capital offense, whose competence to understand the nature of the charge was never adequately established, whose capacity to commit the crime was not established by the People and who had a defense worthy of consideration by a jury. Under such circumstances, it seems the better way would have been to have submitted the case to a jury.

We find in this case, in view of the many discussions had between court and counsel looking to the rehabilitation of the defendant by methods special to the case, there was a tendency on the part of all concerned to dispose of the case upon the basis of personal charity and sympathy. As laudable as this might be, the result was confusion, misunderstanding and disorder, which does not tend to support due process of law. The motion to expunge the plea of guilty, vacate the judgment and for a new trial should have been allowed.

Other questions presented need not be considered on this consolidated record, as they will not likely arise on another hearing. In accordance with our views as hereinabove set forth, the judgment of the court is reversed and the cause remanded, with directions to vacate the judgment, expunge the plea of guilty and grant a new trial.

*Reversed and remanded.*