Robert Sanchez SUAREZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21214.

United States Court of Appeals
Fifth Circuit.

June 26, 1964.

No appearance for appellant.

James R. Gough, Asst. U. S. Atty.,
Houston, Tex., for appellee.

Before HUTCHESON, PRETTYMAN*
and JONES, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying appellant's motion to vacate sentence pursuant to Title 28 U.S.C. § 2255. Appellant was indicted on June 26, 1961, jointly with one Tony Garcia Espinoza in Criminal No. 14,121 in the Houston Division of the Southern District of Texas. They were charged in an indictment of four counts with the sale of 770 milligrams of heroin hydrochlorida, a narcotic drug, and also with the sale of 210 milligrams of methadone, a synthetic narcotic. Counts One and Three charged violation of Title 26 U.S.C. § 4705(a) in the sale of the heroin and the methadone respectively to one Herbert R. Burrough, Jr., not in pursuance of a written order on a Treasury form. Counts Two and Four charged violation of Title 21 U.S.C. § 174 as to the heroin and the methadone respectively in that the defendants did receive, conceal, and sell, and facilitate the transportation, concealment, and sale of the respective drugs, knowing that they had been unlawfully imported into the United States.

Both defendants were arraigned on July 28, 1961. Both formally waived court-appointed counsel by formal written waivers, which appear of record. Espinoza pleaded not guilty to Counts One and Two, and was in due course tried and found guilty. Suarez, the present appellant, voluntarily pleaded guilty to Counts One and Two, and Counts Three and Four were dismissed as to him on motion of the Government. On October 13, 1961, Suarez was sentenced to a term of ten years' imprisonment (together with a fine) on Counts One and Two, the sentences to run concurrently. On March 25, 1963, Suarez filed a petition to vacate sentence pursuant to Title 28 U.S.C. § 2255. His petition to vacate sentence was denied on August 9, 1963. The present appeal is from that order.[1]

Petitioner at no time claims or claimed that his plea was not voluntary and that he was in fact not guilty of the offense for which he was indicted. The district

---

* Of the District of Columbia Circuit sitting by designation.

1. MEMORANDUM AND ORDER:
   "Petitioner moves to vacate and set aside his judgment and sentence of conviction under the authority of Title 28 U.S.C.A. Sec. 2255 and for leave to proceed in forma pauperis. Title 28 U.S. C.A., Sec. 1915.
   "Petitioner was convicted and sentenced in this court on two counts for receiving, concealing, selling and facilitating the transportation, concealment, and sale of

judge denied his motion for Section 2255 relief, and movant appeals.

We think it clear that the district judge was right. The sentence he is serving was based not upon the confession of which he complains or upon proof but upon his plea of guilty voluntarily made.

The judgment appealed from was right. It is affirmed. Chadwick v. United States, 5 Cir., 170 F.2d 986.

an unlawfully imported narcotic drug in violation of Title 26, U.S.C.A., Sec. 4705 and Title 21, U.S.C.A., Sec. 174.

"Petitioner contends that the complaint was fatally defective for its failure to state the essential facts constituting the offense charged and that the warrant of arrest was void because based upon a complaint which did not state the essential facts constituting the offense charged.

"The indictment, as well as the allegedly defective complaint and warrant of arrest, are in the presented record. The indictment was returned by a duly constituted Grand Jury and appears in every respect to be regular and sufficient. The Petitioner formally waived representation by counsel and pled guilty on two counts of the indictment. The indictment was returned on July 26, 1961, and Petitioner entered his plea of guilty two days thereafter. Petitioner was sentenced on October 13, 1961. Contrary to Petitioner's

contentions, both the complaint and warrant of arrest contain an allegation of the offense charged imparting notice to the accused, to-wit that the accused did

' * * * sell approximately 770 milligrams of heroin hydrochloride to narcotic agent Herbert R. Burrough, Jr., knowing the same to have been imported contrary to law" in violation of Sec. 174, Title 21, United States Code.

"Furthermore, the subsequent return of a sufficient indictment by a validly constituted Grand Jury would have operated to cure any defects of notice contained in the complaint and warrant of arrest. In fact, there were no such defects and the indictment is clearly sufficient.

"For the foregoing reasons, the motion to vacate and set aside the judgment of conviction and sentence is unmeritorious and leave to proceed in forma pauperis is denied.