(Nos. 39749, 39750 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
BOBBY H. WORLEY *et al.,* Appellants.

*Opinion filed November 14, 1966.*

JULIUS LUCIUS ECHELES, MITCHELL H. CAPLAN, and
EARL B. SLAVITT, all of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JOHN L. MOORE, State's Attorney, of Oregon, (FRED
G. LEACH, Assistant Attorney General, of counsel,) for the
People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Separate informations were filed against each of the de-
fendants, Richard R. Ackerson and Bobby H. Worley,

charging them with burglary. They pleaded guilty and were sentenced to the penitentiary for terms of not less than one nor more than five years. Both defendants contend on appeal that the trial court erred in denying their respective motions for leave to withdraw their pleas of guilty and to enter not guilty pleas. Their appeals have been consolidated for review.

Although the record is not entirely clear, it appears that defendants were arrested on September 28, 1965. They were released on bond several days later, and on October 5, 1965, they appeared in court for the first time, each with retained counsel. In separate proceedings the court found that each defendant knowingly and understandingly waived his right to be indicted by grand jury and proceeded to arraign them individually. The court then explained to each defendant his right to a trial and the punishment if found guilty. Defendants said their counsel had explained their rights to them, that they understood them, and that they wished to waive jury trial and plead guilty. The court, after thoroughly admonishing each defendant of his right to a trial and of the consequences of his plea, accepted their pleas of guilty. Both defendants requested probation, and the cases were continued.

There were no further proceedings until October 19, 1965, when defendant Worley's attorney filed his motion for leave to withdraw and the court granted the motion. Another attorney then entered his appearance for Worley and moved for leave to withdraw the guilty plea and to file a plea of not guilty to the charge. On October 22, 1965, defendant Ackerson also filed a motion for leave to withdraw his guilty plea and to plead not guilty. On the same day, his attorney moved for leave to withdraw and Ackerson filed his consent to such withdrawal and to the appearance of another attorney. The court allowed the withdrawal and substitution of attorneys. Hearings on the motions of each

defendant for leave to withdraw his plea of guilty and to enter a plea of not guilty were held on October 29, 1965, and both motions were denied.

Defendants now argue that the fact that they signed confessions which were allegedly obtained in violation of their constitutional rights helped induce their subsequent pleas of guilty. They further contend that the trial court should have exercised its discretion in favor of the withdrawal of the pleas of guilty and allowed a trial on the issues, especially since the court had not yet imposed sentence.

The general rule is that it is within the sound discretion of the trial court whether a plea of guilty may be withdrawn. (*People* v. *Lang*, 402 Ill. 170; *People* v. *Throop*, 359 Ill. 354.) This discretion will ordinarily not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that defendant has a defense worthy of consideration, or where there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial. (*People* v. *King*, 1 Ill.2d 496; *People* v. *Lang*, 402 Ill. 170.) Defendants do not contend that they entered pleas of guilty through misapprehension of the facts or law. The record shows they were thoroughly admonished of the nature of the charge, their constitutional rights to trial, and the consequences of their pleas of guilty. There is nothing in the record to show that defendants had any defense to the charges of burglary. The crux of defendants' arguments is that the trial court should have exercised its discretion liberally in favor of allowing the pleas of guilty to be withdrawn because the law favors a trial on the merits and all doubt should be resolved in favor of such trial. *People* v. *Schraeberg*, 340 Ill. 620.

The only evidence produced at the hearings on the motions to withdraw the pleas of guilty was to the effect that defendants confessed because they were told they would not

be released on bail until they signed confessions. These confessions were signed on September 29, 1965, and defendants were arraigned and pleaded guilty on October 5, 1965. At the time of arraignment defendants were each represented by different privately retained counsel. Defendants do not contend nor is there any showing that their counsel were incompetent. They must be deemed to have been aware, through their counsel, that if the confessions were found to have been obtained by constitutionally impermissible means they could not be introduced against them. (*People* v. *Heirens*, 4 Ill.2d 131.) We have held that the mere fact that the prosecution had in its possession incriminating statements is not ground for reversal where defendants with the assistance of counsel knowingly and understandingly waived their rights to trial and pleaded guilty. (*People* v. *Buckholz*, 32 Ill.2d 482.) Furthermore, defendants have not shown that the convictions were the result of coerced confessions or pleas of guilty caused by illegal or coercive conduct by law enforcement officers. To justify reversal there must be a relationship of cause and effect between the alleged coercive conduct and the plea of guilty, (*People* v. *Heirens*, 4 Ill.2d 131.) Here, the defendants did not plead guilty until almost one week after the confessions were made or the allegedly coercive acts were committed. It was not until over two weeks later, while awaiting the results of a pre-sentence investigation and a hearing on their requests for probation, that defendants asked to withdraw their pleas of guilty. We do not know what may have occurred during this interval to induce defendants to change their pleas; but they have not shown that they were misled at the time they pleaded guilty, that they have a valid defense, or that there is any doubt as to their guilt. There is nothing in the record to show that the trial court erred in denying the motions for leave to withdraw the pleas of not guilty or that the ends of justice would better be served by submitting the cases to trial.

The judgments of the circuit court of Ogle County are affirmed.

*Judgments affirmed.*