(No. 40339.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE E. THOMAS, Appellant.

*Opinion filed November 22, 1968.*

WARD, J., took no part.

THOMAS MACK, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES TRUSCHKE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On October 22, 1958, the defendant, Willie E. Thomas, pleaded guilty to four indictments which charged him with armed robbery, and one indictment which charged him with assault with intent to rape. His pleas were accepted, and he was sentenced to a term of not less than five nor more than 20 years in the penitentiary upon each of the armed robbery charges, and to a term of not less than five nor more than 14 years upon the charge of assault with intent to rape. On February 10, 1966, he filed a post-conviction petition, which was dismissed upon the State's motion, and he has appealed.

The petition alleged that the defendant was arrested on Friday, July 4, 1958, in the Edgewater Laundry Company, where he was employed, and that at the time of his arrest he was "washing up." It alleged that the arresting officers "came over the roof through a second floor window with pistols in their hands," knocked the petitioner down and "brutally beat" him both at the scene of his arrest and upon arrival at the police station. "Consequently, less than twelve (12) hours after your petitioner's arrest; petitioner was forced to sign a confession." The petition further alleged that the defendant was not arraigned until Monday, July 7, 1958, was not "given the assistance of counsel" until July 23, 1958, and that he was not advised of his right to counsel or of his right to remain silent prior to his arraignment.

From the record that is before us it appears that upon the motion of the defendant's attorney, a pretrial sanity hearing was conducted, and the defendant was found sane by a jury. Thereafter, on October 22, 1958, the defendant, whose pleas of not guilty had previously been withdrawn, was rearraigned. He entered a plea of guilty to each indictment after he had been admonished by the trial judge as to

the sentences that could be imposed upon the offenses with which he was charged. After the judge had completed his admonition, the defendant's attorney asked the defendant: "Mr. Thomas, as your attorney I have discussed this matter with you at great length, is that right?" The defendant answered, "Yes." And the attorney continued: "You have advised me you wish to enter a plea of guilty to these indictments, is that right?" The defendant answered, "That's right."

In the trial court the defendant relied upon *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758. In *Johnson* v. *New Jersey* (1966), 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, however, the Supreme Court of the United States held that *Escobedo* v. *Illinois* and *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, had prospective effect only. Moreover, in the present case the defendant was convicted upon his pleas of guilty, and despite the allegations of the defendant's post-conviction petition, it appears from the record before us that those pleas were voluntary. They were entered more than three months after his alleged confession, and after lengthy consultation with his attorney. See *People* v. *Worley,* 35 Ill.2d 574; *People* v. *Heirens,* 4 Ill.2d 131; *Suarez* v. *United States* (5th cir. 1964), 333 F.2d 366; *Bailey* v. *United States* (10th cir. 1963), 324 F.2d 632; *Sullivan* v. *United States* (10th cir. 1963), 315 F.2d 304; *United States* v. *Kniess* (7th cir. 1959), 264 F.2d 353.

In this court the defendant does not renew the argument that he advanced in the trial court. Instead, it is now contended that the judge's admonition was inadequate because it failed to advise the defendant that by his conviction "he would forever lose his right to vote in any election" and "would thereafter be ineligible to hold any elective or public office," (Ill. Rev. Stat. 1965, chap. 38, par. 124—2), and "that his pleas would result in a permanent record open to public inspection for the rest of his life." (Ill. Rev. Stat.

1965, chap. 25, pars. 13, 16.) It is not suggested that the judge's admonition failed to advise the defendant accurately as to the penal consequences of his pleas of guilty, but it is urged that because the civil consequences were not stated, the admonition was so inadequate as to violate the requirements of due process.

To support this contention the defendant relies upon the provision of the statute in effect when his plea was entered, which directed that a plea of guilty "shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea." (Ill. Rev. Stat. 1957, chap. 38, par. 732.) He also refers to the following statement in *Kercheval* v. *United States* (1927), 274 U.S. 220, 223, 71 L. Ed. 1009, 1012, as stating the "constitutional foundation for mandatory admonishment": "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

The statute does not speak in constitutional terms and we do not interpret its reference to the consequences of a plea of guilty as including civil consequences. This interpretation is in accord with that of the federal courts in applying Rule 11 of the Federal Rules of Criminal Procedure. The federal practice was thus described by Judge Hutcheson in *Trujillo* v. *United States* (5th cir.) 377 F.2d 266, 268-9: "It is obvious that while a defendant is entitled to be informed to the end that he will understand the nature of the charge, it is not necessary to this end that he be advised of every 'but for' consequence which follows from a plea of guilty. For example, a defendant need not be told: that as a convicted felon he would lose his passport and be denied foreign travel, Meaton v. United States, 328 F.2d 379 (5th Cir. 1964) (per curiam), 380 U.S. 916, 85 S. Ct. 902, 13 L. Ed. 2d 841 (1965), or, if an alien, become subject to deportation, United States v. Parrino, 212 F.2d 919 (2d

Cir.), cert. denied, 348 U.S. 840, 75 S. Ct. 46, 99 L. Ed. 663 (1954); that a plea of guilty to a technical violation of the Mann Act may later bar him from voting, United States v. Cariola, 323 F.2d 180 (3d Cir. 1963); or that a plea of guilty in a civilian court to burglary may result in an undesirable discharge from the Air Force, Redwine v. Zuckert, 115 U.S. App. D.C. 130, 317 F.2d 336 (per curiam)."

Nor does *Kercheval* v. *United States* speak in constitutional terms. The concern of the constitution centers upon the voluntariness of an admission of guilt—voluntariness in the sense of an absence of physical coercion or improperly generated psychological compulsion. It is to insure voluntariness in this sense that the constitution has been held to require the presence of an attorney even during the custodial interrogation of a suspect. (*Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) Advice at arraignment as to the possible penal consequences of a plea of guilty indirectly serves the constitutional objective by reducing to a minimum the possibility that the prospect of a short term of imprisonment might induce an innocent man to plead guilty. But advice as to the civil consequences of a conviction seems totally unrelated to the accuracy of a plea of guilty.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.