(No. 40760.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs. FRANK SMITH, Appellant.

*Opinion filed May 28, 1969.*

WARD, J., took no part.
SCHAEFER, J., dissenting.

GERALD W. GETTY, Public Defender, of Chicago, (RONALD P. KATZ and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER

C. KISSANE and MICHAEL STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On December 16, 1965, petitioner, Frank Smith, represented by the Public Defender of Cook County, pleaded guilty to a charge of robbery and was placed on 3 years probation. On January 22, 1966, petitioner was apprehended by police officers while in the process of beating an elderly man and removing $65 from his pocket. Petitioner was charged with and found guilty of violating his probation which was then vacated and a sentence of not less than 7 nor more than 15 years was imposed. Petitioner filed a post-conviction petition which was dismissed upon the State's motion and he appeals.

The petition alleged that Smith was originally arrested on April 28, 1965, and, without benefit of counsel, subjected to lengthy and intensive questioning. Petitioner further alleged that by use of coercion and cajolery, his signed confession was obtained, and because of this he was induced to plead guilty. He contends that his post-conviction petition sets forth a substantial denial of his constitutional rights, i.e., his guilty plea was the product of an unlawfully obtained confession and the dismissal of the petition without a hearing was error. We do not agree.

At the outset, we note that this petition is procedurally deficient in that it is conclusory and not supported by affidavits. Without discussing whether the circuit court would have been justified in dismissing this case based on these procedural errors, we address ourselves to the substantive questions presented by the petition and ruled on by the court.

"Dismissal of nonmeritorous petitions on motion is certainly within contemplation of the Act and necessary to the orderly and expeditious disposition of these petitions." (*People* v. *Collins,* 39 Ill.2d 286, 288.) Petitioner was

brought to trial approximately 9 months after the alleged coercive acts took place. He, represented by counsel, asked leave to plead guilty, and, being advised as to his rights and the consequences of his plea, persisted in his plea, which was accepted. "To justify reversal there must be a relationship of cause and effect between the alleged coercive conduct and the plea of guilty." (*People* v. *Worley*, 35 Ill.2d 574, 577.) In *People* v. *Thomas*, 41 Ill.2d 122, we held a plea of guilty to be voluntary where it was entered more than 3 months after an alleged coerced confession and consultation with counsel. There is no cause-and-effect relationship present, where, as here, the plea of guilty was entered 9 months after the alleged illegal conduct and after adequate opportunity for consultation with counsel. Petitioner must be deemed to be aware, through his counsel, that any evidence obtained by unlawful methods could not have been used against him. *People* v. *Heirens*, 4 Ill.2d 131.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

In my opinion the post-conviction petition in this case should not have been dismissed without a hearing to determine the truthfulness of the allegations it contained. Those allegations were not, in my opinion, "conclusory." The petition alleged: "At the time of his arrest he was escorted to the rear of the Police Station to an interrogation room, and here without benefit of counsel, or the formality of waiving his rights to same, was subjected to an intensive grilling. During this period he was systematically slapped, punched in the face; and kicked on the shins by Officer Hill. At one stage of the proceedings he was handcuffed to a chair, and then when he refused to answer questions, Officer Hill, lighted a cigarette, and after puffing the smoke in the face of the Relator, pressed the lighted end of the cigarette

against his arm. The burned spot remains now. After being subjected to this treatment systematically for a period of two days he was promised leniency if he would help 'clear the books'." These factual assertions, if true, describe a substantial denial of the defendant's constitutional rights.

The majority concludes, solely from the passage of time between the alleged occurrences and the entry of the defendant's plea of guilty, that no cause and effect relationship was present. Unlike the cited cases, however, in this case the court has before it no evidentiary record concerning either the alleged illegal acts or the extent of the defendant's consultation with the public defender. Without an evidentiary hearing, there is thus no evidence to indicate whether the defendant's allegations are true, whether he did in fact have an opportunity to consult and did consult with counsel or whether he was made aware of the possible inadmissibility of his confession, and therefore a determination upon the present record of the presence or absence of a causal relationship is impossible.

The absence of a supporting affidavit should have been remedied by amendment. From the record of the proceedings on the post-conviction petition it is evident that the public defender merely paraphrased the defendant's original petition and did not consult with the defendant to "ascertain the basis of his complaints, shape those complaints into appropriate legal form and present them to the court." *People* v. *Slaughter*, 39 Ill.2d 278, 285.