THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRAIG P. ROMERO, Defendant-Appellant.

Fifth District   No. 5—83—0545

Opinion filed September 11, 1984.—Rehearing denied November 1, 1984.

Frederick M. Steiger, of Clayton, Karfeld and Steiger, of St. Louis, Missouri, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Craig Romero, defendant, pleaded guilty to residential burglary and was sentenced to 14 years' imprisonment. Defendant appeals from the denial of his motion to withdraw his plea, alleging that (1) he pleaded guilty based on a misapprehension of law brought about by misrepresentations of the prosecutor, and (2) the court erred in allowing defendant's trial counsel to testify as to the nature and substance of his conversations with defendant.

The first issue raised by defendant concerns the prosecutor's

indication, prior to the acceptance by the court of defendant's plea, that the State would attempt to secure payment of restitution and any fine levied against defendant from real property which had been posted as bond for defendant by a friend, Carolyn Bridges. At the guilty plea hearing, the following exchange occurred:

"THE COURT: Mr. Romero, have any promises of any kind or nature been made to you, other than the plea agreement, or any threats been made to you by the State's Attorney, your attorney, or by any other person, to induce you to make your motion to withdraw your plea of not guilty and enter a plea of guilty?

THE DEFENDANT: Other than the bond, no.

THE COURT: What do you mean, "other than the bond"?

THE DEFENDANT: Well, this bond is being attacked. The person has put up for me, and she is not responsible. She just put it up to just, my bond, to assure my appearance in court. It is my understanding this is being attacked so far as my problems with the Court and she is not responsible for me.

THE COURT: Mr. Durso, have you gone into the matter of the bond with your client?

MR. DURSO [defense counsel]: Yes, we have discussed it at length.

MR. STURGEON [prosecutor]: Your Honor—

THE COURT: Yes.

MR. STURGEON: For the record, and I advised Mr. Durso, we have questioned the legality of it, but I have represented to Mr. Durso all along, and I am representing to the Court now, it is our intention, there was approximately property valued at $200,000 that was placed, that this defendant was free on $100,000 bond. I am going to research whether or not we can attack it.

I never said I would not. I never made any claim. I have never talked to this defendant. It is my intention still to attempt to get the fine and restitution from that property valued at $200,000.

THE COURT: Mr. Romero, do you understand, and I have indicated to you, if you plead guilty to this charge, you could be sentenced to the penitentiary for a term of four to fifteen years, and you could be, in addition, fined up to $10,000, and in addition, you could be ordered to make restitution. Do you understand that?

THE DEFENDANT: I understand that. I just don't have any

money, so he is wanting to attack her property.

THE COURT: Whether that can be done or not is subject to the question first of all, of what the sentence is going to be, number one, and, second, the question is whether or not that bond can be used to satisfy your bond and/or any order of restitution that is made. That will have to be taken up and decided if, in my discretion, I indicate at the sentencing proceeding and at the arraignment for sentencing I am going to levy a fine and/or order restitution.

THE DEFENDANT: I see.

THE COURT: But, the question now is, because of the fact that the Assistant State's Attorney, Mr. Sturgeon, has indicated that he is going to be making a request for a fine and/or restitution, do you feel that is a threat insofar as you are concerned and that is the only reason you are pleading guilty to this charge?

THE DEFENDANT: No, sir."

While defendant asserts that the prosecutor's representations concerning the State's desire to "attack" the property were such as to render his plea involuntary, the above-quoted portion of the record belies this claim. Both the prosecutor and the court quite clearly indicated to the defendant that there existed some question as to whether the State could attach the property posted as bond; additionally, defense counsel testified at the hearing on the motion to withdraw the plea that he told defendant the State "probably could not" seize the property. Even more important, the prosecutor specifically informed defendant and the court that the State intended to try to seize the property whether or not defendant pleaded guilty. Thus, there was no basis upon which it can reasonably be said that defendant pleaded guilty in order to "save" the property posted by Ms. Bridges. While defendant points out that defense counsel testified that he told Ms. Bridges that the State "might be less vociferous" in its attempt to seize the property if defendant pleaded guilty, the prosecutor's comment at the plea hearing unequivocally established that such would not be the case. Whether a plea of guilty may be withdrawn rests within the sound discretion of the court, and the court's exercise of this discretion will not be disturbed unless it appears that the plea was entered due to a misapprehension of facts or law, that defendant has a defense worthy of consideration, or where there is doubt of defendant's guilt and the ends of justice would be better served by a trial of the case. (*People v. Worley* (1966), 35 Ill. 2d 574, 576, 221 N.E.2d 267.) Viewing the record here in its entirety, we must con-

clude that the court did not abuse its discretion in denying defendant's motion to withdraw his plea.

■ Defendant's second contention, that the attorney who represented him at the plea hearing should not have been permitted to testify as to his conversations with defendant, is also without merit. Defendant's motion to withdraw his plea alleged that he was advised by his trial counsel that the State would be less likely to seize Ms. Bridges' property if defendant pleaded guilty, and defendant testified to that same effect. By questioning his attorney's handling of the case and putting into issue the substance of conversations between himself and his attorney, defendant waived the attorney-client privilege, and the trial court did not err in allowing counsel to testify as to his conversations with defendant. *People v. O'Connor* (1976), 37 Ill. App. 3d 310, 314, 345 N.E.2d 520.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.