THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICK L. GASPER, Defendant-Appellant.

Third District. Nos. 3—87—0188, 3—87—0256 cons.

Opinion filed March 10, 1988.

HEIPLE, J., concurring in part and dissenting in part.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following his guilty plea, defendant was convicted of deceptive practices. The claims defendant presents for review do not require an extended discussion of the facts surrounding his offenses, but do require an explanation of the procedural history leading to this appeal.

Defendant, appearing with counsel on December 2, 1986, entered a guilty plea to the above charge. Immediately prior thereto, defense

counsel informed defendant that credit for time served was not available and it appeared the sentences would not be concurrent (he was awaiting sentence on a plea in New Mexico and had been commuting between New Mexico and Rock Island several times). The trial court fully admonished him as to the nature of the charge, the potential penalties, his available constitutional rights, and of the general consequences of his guilty plea. Defendant indicated he understood the court's admonition and the trial judge accepted his plea as knowledgeable and voluntary and ordered a presentence report.

Shortly thereafter, defendant withdrew his plea, claiming he understood he was to receive credit for time served in New Mexico. Defendant also denied his guilt, stating he was unaware there was no money in his account when the six checks in question were issued. In claiming a viable defense, he stated his wife withdrew the funds from their checking account without his knowledge. Defendant was unaware of his wife's whereabouts since they were separated in August of 1985, and he was enjoined from contacting her. The trial court vacated his plea.

· On December 3, 1986, defendant, appearing with counsel, entered a negotiated plea to the same. The prosecution provided the factual basis of the charge. The court again fully admonished defendant, and defendant admitted his guilt and stated he understood the admonition. The court accepted this plea as knowing and voluntary and imposed the agreed sentence of two years with credit for time served.

On December 30, 1986, defense counsel filed a motion to withdraw the guilty plea alleging defendant had a valid defense and would not have pleaded guilty had he known he would not receive credit for time served in New Mexico. On January 7, 1987, defendant filed a *pro se* motion to reduce sentence, alleging he was misled into entering this negotiated plea, he did not have adequate counsel, and he was not receiving proper credit for time served. Defendant all along wanted credit for his time served in New Mexico; however, neither counsel nor the court ever advised him it was available or part of the bargain.

Different counsel was appointed and subsequently filed an amendment to the defendant's *pro se* motion asserting defendant believed he would get credit for time served in New Mexico, his Illinois sentence would run concurrently, and that he had a valid defense.

Following an evidentiary hearing on the amended motion, the trial court denied the motion to withdraw the guilty plea. In addition, the court found defendant to be in direct criminal contempt since defendant raised bad-faith allegations and twice lied about his potential de-

fense and sentenced him to a six-month jail term to run consecutively to the deceptive practices conviction.

Defendant contends the trial court abused its discretion by disallowing his motion to withdraw his guilty plea. According to Supreme Court Rule 402(a), the trial court must address the defendant in open court and inform him of the following: the nature of the charge, the minimum and maximum penalties prescribed, the right to plead not guilty, and the consequences of pleading guilty. (87 Ill. 2d R. 402(a).) The trial court did so comply and inform defendant. Supreme Court Rule 402(b) provides the trial court must determine the plea is voluntary before accepting it. (87 Ill. 2d R. 402(b).) The trial court accepted this plea as voluntary and knowing in light of the fact defendant was represented and acknowledged the court's admonition. Rule 402(c) requires the court to determine the existence of a factual basis for the plea before entering final judgment. (87 Ill. 2d R. 402(c).) The State provided a factual basis for this plea which defendant acknowledged. The purpose of requiring a factual basis for a guilty plea is to insure the defendant is not pleading guilty to a crime his actions and mental state do not support. (*People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 490 N.E.2d 1288.) Counsel informed defendant he was likely to be convicted if this case were tried. The trial judge was in the best position to determine if defendant had a defense worthy of consideration. His determination will not be disturbed on appeal.

It is within the sound discretion of the trial court to permit a defendant to withdraw a guilty plea; and this discretion will not be disturbed unless it appears the guilty plea was entered through a misapprehension of facts or law, defendant has a defense worthy of consideration, or there is doubt of defendant's guilt and justice would be better served by trial. (*People v. Worley* (1966), 35 Ill. 2d 574, 221 N.E.2d 267.) On both occasions, defendant said he understood the admonition, acknowledged the factual basis, and admitted his guilt. Defendant claims his plea should be withdrawn because he believed he would receive credit for time served in another State and he would receive concurrent sentences. The record reflects defendant was properly admonished and advised that any sentence he was to receive was not to be concurrent. This apparent belief of the defendant's was not induced by counsel or the court. For the aforementioned reasons, the guilty plea will stand and the trial court is affirmed.

Defendant contends the trial court's direct criminal contempt finding should be vacated. We agree. Direct contempt is conduct which is personally observed by the judge or which takes place in an integral part of the court and is therefore in the constructive presence

of the court. (*People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670.) False testimony can be the basis for a direct contempt finding. (*People v. Bialek* (1961), 31 Ill. App. 2d 281, 175 N.E.2d 278.) However, we believe defendant did not intentionally obstruct or hinder the trial court sufficient to warrant a direct criminal contempt finding. The simple recitation of the facts in this case demonstrates the trial court was understandably irritated by defendant's "on-again, off-again" plea bargaining; nevertheless, given the trauma associated with appearing in court, it is understandable defendant was nervous and unsure of himself. He obviously wanted to present the most favorable story and achieve the best possible outcome in this situation. His conduct, in light of his guilty plea, conviction, and sentence, did not warrant an additional finding of direct criminal contempt; therefore, we vacate the contempt finding.

For the reasons above set forth, the circuit court of Rock Island County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

SCOTT, J., concurs.

JUSTICE HEIPLE, concurring in part, dissenting in part:
I agree with that part of the majority opinion upholding the court's denial of the defendant's second motion to withdraw his guilty plea. However, I disagree with that part of the opinion vacating the court's finding of direct criminal contempt. Direct criminal contempt occurs in the presence of the judge and with his personal knowledge. (*People ex rel. Andrews v. Hassakis* (1955), 6 Ill. 2d 463.) It is directed against the authority and dignity of the court (*People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, *cert. denied* (1971), 404 U.S. 818, 30 L. Ed. 2d 118, 92 S. Ct. 78), and consists of any conduct which tends to embarrass or obstruct the court in the administration of justice, or bring the administration of law into disrepute. *People v. Hagopian* (1951), 408 Ill. 618.

In the instant case, the defendant moved to withdraw his guilty plea one hour after he had pleaded guilty. He indicated he had a potential defense, and that it was his understanding he was going to receive credit for time served in New Mexico. The court granted the motion to vacate. The next day, the defendant pleaded guilty to the offense a second time. He did so on the advice of his attorney, who spent a considerable amount of time on the case and who had good reason to believe the defendant would be found guilty if he went to

trial. At that hearing, the following colloquy took place:

"THE COURT: This is the last time we're going to go through with this. If you plead guilty, we're not going to set it aside on the basis you want to withdraw it.

DEFENDANT: I understand.

THE COURT: So you're pleading guilty because you are guilty?

DEFENDANT: Yes, sir."

Nevertheless, the defendant moved to withdraw his second guilty plea on the same grounds he moved to withdraw the first guilty plea. The judge denied the motion and found the defendant in direct criminal contempt of court.

The defendant's conduct was clearly direct criminal contempt. He deliberately misled the court on two occasions, either when he claimed to have the requisite criminal intent or when he denied having the requisite criminal contempt. The defendant changed his plea on three separate occasions, each requiring a separate hearing. His conduct resulted in a waste of judicial time and economy, and thus, tended to interfere with or obstruct the administration of justice. *People v. Bennett* (1972), 51 Ill. 2d 282.

In vacating the court's finding of contempt, the majority does not state that a direct criminal contempt did not occur here. Rather, it appears the majority vacates the finding because it feels sorry for the defendant. The opinion reads, "[G]iven the trauma associated with appearing in court, it is understandable the defendant was nervous and unsure of himself." (167 Ill. App. 3d at 222.) There is no support in the record for the statement that the defendant was traumatized by his courtroom appearance, or otherwise nervous and unsure of himself. The record indicates the defendant was perfectly comfortable with the courtroom experience and that he was willing to make whatever plea would most quickly end the matter, regardless of its truth or falsity, so that he could return to New Mexico and deal with the legal matters pending against him there. The majority should defer to the circuit court's finding and support the court in its effort to administer its business in an orderly fashion. Accordingly, I would affirm the finding of direct criminal contempt.