THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS JOE STONEKING, Defendant-Appellant.

Third District   No. 3—89—0153

Opinion filed January 10, 1990.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Dennis Joe Stoneking, pleaded guilty to burglary and first degree murder (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1(a), 9—1(a)(2)). The trial court imposed a sentence of natural life imprisonment on the murder count and a concurrent seven-year sentence on the burglary count. The court later denied the defendant's motion to withdraw his guilty plea. The defendant appeals.

The record shows that at the guilty plea hearing the trial court informed the defendant of the charges against him. The court also informed him that if he pleaded guilty to the murder charge, he could

receive either a sentence of natural life imprisonment, a determinate sentence of 20 to 60 years, or an extended-term sentence of 60 to 100 years. The court did not tell the defendant that if he received a natural life sentence he could not be paroled (Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—3(d)). After further admonishments and inquiries from the court, the defendant pleaded guilty to first degree murder and burglary.

At the sentencing hearing, the trial court found the following aggravating factors to be present: (1) the defendant inflicted serious injury by causing a person's death; (2) the defendant had a history of prior delinquency and criminal activity; and (3) the sentence was necessary to deter others from committing the same crime. The court then imposed sentence.

The defendant later filed a motion to withdraw his guilty plea. He alleged that he had not understood, nor had the court informed him, that a person sentenced to natural life could not be paroled. At the hearing on the motion, the trial court acknowledged that it had not informed the defendant of this. However, the court believed that the defendant understood that the term "natural life" meant imprisonment for life without parole. Accordingly, it denied the motion.

On appeal, the defendant contends that the court erred in denying his motion to withdraw his guilty plea. He reiterates his argument that the court should have informed him that a person sentenced to natural life could not be paroled.

■ In order for a guilty plea to be accepted, it must be knowingly and voluntarily made. (*People v. Stewart* (1984), 101 Ill. 2d 470, 463 N.E.2d 677.) Supreme Court Rule 402 (107 Ill. 2d R. 402) requires that the defendant be informed of the maximum penalty he faces by pleading guilty. (*People v. Gasper* (1988), 167 Ill. App. 3d 218, 521 N.E.2d 170.) The decision to vacate a guilty plea is within the trial court's sound discretion. *People v. Hale* (1980), 82 Ill. 2d 172, 411 N.E.2d 867.

■ It is uncontroverted that the instant trial court failed to inform the defendant that if he was sentenced to natural life he could not be paroled. Further, despite the trial court's belief, the record fails to disclose whether or not the defendant understood that a sentence of natural life imprisonment precluded parole. The defendant's state of knowledge or information on this point is wholly speculative.

For many years in Illinois, a life sentence was parolable. For the past several years it has not been parolable. It seems but a small matter for a trial court to admonish a defendant who is exposing himself to a life sentence that, unlike other sentences, that particular sen-

tence precludes parole. It is a major matter to an unknowing defendant, however, if he enters a guilty plea not knowing the full implications of such a sentence. It is possible that the defendant knew this. The trial judge believes that he did. The record, however, does not add any enlightenment on the fact. We believe that the better practice is to tell the defendant. Where, as here, he was not told and claims he did not know, we believe that simple justice requires he be given the opportunity to plead anew.

■■ The defendant also argues on appeal that the trial court erred in considering as an aggravating factor that his conduct caused serious injury because that fact is implicit in every murder. Although we have already determined that the defendant must be allowed to withdraw his guilty plea, we shall address this issue because it may occur again on remand.

The fact that the defendant caused serious injury, standing alone, should not have been relied upon as an aggravating factor, because serious injury is implicit in every murder. (See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) However, the court could properly consider the degree of harm caused by the defendant and the gravity of his conduct. *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.

In the instant case, the trial court noted, without elaboration, that the defendant's conduct caused serious injury. Certainly, serious injury is implicit in any death wound. From the language of the trial court, we cannot determine whether the court was considering the degree of harm or the gravity of the defendant's conduct when it found this factor to be present.

The judgment of the circuit court of Knox County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SCOTT and WOMBACHER, JJ., concur.