THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE JOHNSON, Defendant-Appellant.

(No. 74-123;

Fifth District—May 26, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from a guilty plea which the defendant entered to a burglary indictment. The defendant contends that the trial court erred by refusing to allow him to withdraw his plea of guilty.

On October 15, 1973, the defendant's attorney stated to the court that the defendant had made a confession and that he recognized that he had very little defense and would like to enter a plea of guilty. Defendant's attorney advised the court, "I have indicated to him [defendant] that in all probability, even though there was no recommendation, but if the defendant was telling the truth about his record, that there is an excellent chance that he would make probation." The defendant's attorney also stated that there had been no plea negotiations and then made oral application for probation.

The court then asked the defendant if he had sufficient time to speak with his attorney and if he understood the crime with which he was charged. The defendant stated that he had sufficient time to speak with his attorney and knew he was charged with burglary. The defendant was informed of the maximum and minimum sentences. The court then said:

"Q. Do you understand that it is the court's duty to impose sentence? It is not what Mr. Cook [defendant's attorney] or what Mr. Aguirre [State's attorney] might think. It's what I think and what I do that counts, do you understand that?

A. Yes sir."

The defendant was informed of his right to a trial, of his right to a trial by jury or a judge, and that a plea of guilty waived this right. He was informed of his right to a speedy and public trial, his right to confrontation of witnesses, his right to call witnesses, his presumption of innocence and his privilege against self-incrimination, and that by pleading guilty he waived all of these rights. The defendant stated that he understood these rights. He was then asked by the court whether any threats had been made to him or his family to induce the plea, and if any promises or rewards had been made to induce the plea. The defendant stated that no threats or promises had been made and that the plea was the result of his own decision.

The factual basis for the crime was established and the defendant stated that the facts as adduced by the State's attorney were true. The defendant's guilty plea was accepted and the matter was referred to the probation department for report. Later, after seeing the presentence report which did not recommend probation, the defendant appeared before the same trial judge. He was then represented by a different attorney who advised the court that there was some confusion as to whether there had been a plea negotiation. On the basis of the discussion the new attorney had with the defendant, and on the basis of confusion over the plea negotiations, the new attorney stated that the defendant would like to move to withdraw his plea of guilty.

The defendant then took the stand and in response to questions by his attorney, stated that he had discussed the consequences of his change of plea with his first attorney. He said that his first attorney merely told him to plead guilty and he would get probation. The defendant also stated that the first attorney had made no indication to him that any arrangements with anyone or any agreement had been made about probation. The following exchange also took place:

"Q. What precisely did Mr. * * * tell you other than what you already stated?

A. He just told me if I pleaded guilty that *most likely* I would get probation on the case." (Emphasis supplied.)

The defendant, in response to questioning by the State's attorney stated that he was under the impression that he would get probation when he pled guilty. However, when asked what his first attorney promised him, the defendant stated several times that he said "I would get probation." The defendant also stated that he told his first attorney that he had been on probation before and informed the first attorney of everything concerning his prior record.

The trial court then questioned the defendant. The court's questioning showed that the defendant remembered entering his plea of guilty. He also remembered what the first attorney had said concerning his chances as to probation. The questioning revealed that the defendant understood the court's admonishment and that the defendant knew that sentence was to be imposed by the judge. The questioning also revealed that the plea was not induced by any force, threat or promises. Testimony regarding the defendant's prior record followed.

The defendant's attorney at the presentence hearing also testified. He testified that when he took the case the defendant's first attorney advised him that the disposition of the case would be probation. He stated that he did not know what the defendant had been told by his first attorney, but relying on what was told by the first attorney and some of the defendant's statements with regard to his prior record, the defendant may not have understood the effects his record would have on his chance for probation and as a result should be given an opportunity to plead again.

The court stated that the court had a very vivid recollection of Mr. Johnson's guilty plea and that the court was satisfied that at the time the defendant entered his plea, he was well aware of his rights. The court further stated that the plea was not the result of any negotiations and that no recommendations had been made. With that the court denied the defendant's motion to withdraw his guilty plea.

Evidence was adduced concerning the defendant's employment and

academic standing. The court then denied the defendant's application for probation and sentenced him to the Department of Corrections for a minimum of 1 year and a maximum of 3 years.

■■ The defendant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. The standards for the withdrawal of a guilty plea are firmly established in Illinois. The defendant has no absolute right to withdraw a plea of guilty once made, and it is usually within the discretion of the trial court to grant the motion to withdraw a plea of guilty. The motion is to be granted not as a matter of right, but to correct a manifest injustice based on the facts of the individual case. (*People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233.) A motion to grant the withdrawal of a guilty plea should be allowed where it appeared that the plea of guilty was entered on a misapprehension of the facts or the law, or in consequence of a misrepresentation by counsel or the State's attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury. (*People v. Morreale*, 412 Ill. 528, 107 N.E.2d 721.) The mere fact, on the other hand, that an accused, knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than from a jury, presents no grounds for permitting the withdrawal of the plea after he finds that his expectation has not been realized. *People v. Grabowski*, 12 Ill.2d 462, 147 N.E.2d 49; *People v. Hancasky*, 410 Ill. 148, 101 N.E.2d 575.

In our opinion, the trial court did not abuse its discretion in denying the defendant permission to withdraw his plea of guilty. Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.