THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY TRUMP, Defendant-Appellant.

First District (5th Division)   No. 62614

Opinion filed April 23, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Renee Golbus Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Following a bench trial defendant was found guilty of battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—3) and given a sentence of 60 days. He contends that at his trial and again at the hearing in aggravation and mitigation he was improperly denied assistance of counsel.

Prior to trial the court advised defendant of the charge, the possible sentence which might be imposed upon conviction and his right to an attorney. Defendant indicated that he would represent himself, and the trial commenced.

Camell Dadas testified that on June 22, 1975, at approximately 10 p.m., he was operating a C.T.A. bus traveling north on Ewing Avenue. As he approached 106th Street Dadas observed two buses, one of which was blocking the intersection. Several people were throwing garbage cans at the latter bus. Dadas left his vehicle to assist another driver and at that time observed defendant and a second man coming toward him. The second man grabbed Dadas and hit him, while defendant cut Dadas' throat and his right hand with a knife. Both assailants then fled as bus passengers came to his assistance.

After the State had completed its direct examination of Dadas, defendant said that he did not want to cross-examine the witness; and he requested the trial court to appoint the Public Defender on his behalf. The trial court refused this request after noting defendant had been fully advised of his constitutional rights and had waived his right to counsel.

Defendant then sought to establish an alibi defense. Since there is no

claim that the evidence was not sufficient to sustain a conviction, we need not recite the testimony relating thereto.

OPINION

Defendant contends that he was denied his constitutional right to counsel. However, a defendant may waive that right after proper admonishments by the trial court (*People v. Nelson*, 47 Ill. 2d 570, 268 N.E.2d 2) and personally defend himself without the assistance of counsel if such waiver is knowingly and intelligently made. *Faretta v. California*, 422 U.S. 806, 835, 45 L. Ed. 2d 562, 581, 955 S. Ct. 2525, 2541.

While a waiver of the right to counsel will be carefully scrutinized (*People v. Heral*, 62 Ill. 2d 329, 342 N.E.2d 34), in the present case defendant specifically "does not challenge the sufficiency of the admonishments given to him by the trial judge." He even concedes that he "was partly responsible for the predicament in which he found himself." However, he argues that reversible error was committed when his request for counsel made after Dadas' direct testimony was denied.

In his brief defendant disclaims the necessity of having the trial begin anew or requiring a repetition of Dadas' prior testimony if counsel would have been appointed when he requested. But he further asserts in part that had counsel been appointed, he would have inquired whether Dadas observed the assailant in a manner which enabled this witness to make a proper identification and he would have "explored the circumstances of defendant's arrest." Contrary to defendant's suggestion that the proceedings would not have been disrupted had counsel been appointed, we conclude that competent representation would have required that the proceedings be suspended.

■■ For the trial court to appoint counsel to represent defendant under the circumstances of this case and for that representation to be meaningful, it would have been necessary for the trial court to either declare a mistrial and begin the trial anew or to appoint counsel and continue the matter to allow counsel to become acquainted with the facts of the case and receive a transcript of the testimony already heard. Either of these alternatives would necessitate an unwarranted delay. To impose a constitutional burden upon the trial court to grant an accused's request for counsel made during trial where the accused had previously entered a proper waiver thereto could create a situation wherein an accused might effectively thwart the orderly administration of justice. We cannot say from the record before us that the trial court abused its discretion in not granting defendant's request. See *Lopez v. Pitchess*, 265 F. Supp. 136 (C.D. Cal. 1967).

■■ Defendant further argues that his waiver of the right to trial counsel did not extend to the sentencing hearing. The cases in this State are in conflict as to whether a defendant's waiver of the right to

counsel made prior to the commencement of trial is valid at a subsequent sentencing hearing or whether a defendant must again be admonished as to his right to counsel at that time.

The Illinois Appellate Court for the Fifth District has held that the imposition of sentence in a criminal case is a critical stage of the trial and that a trial judge must specifically admonish a defendant that he has the right to counsel at that time. The court has held that a waiver of the right to counsel made prior to trial will not suffice at a sentencing stage. *People v. Miles*, 20 Ill. App. 3d 131, 312 N.E.2d 648; *People v. Gillen*, 20 Ill. App. 3d 134, 312 N.E.2d 644; *People v. Dismore*, 33 Ill. App. 3d 495, 342 N.E.2d 151, 157.

Similarly, the Illinois Appellate Court for the Fourth District has held that the waiver of the right to counsel made prior to trial does not continue in effect through a subsequent sentencing hearing and that a defendant must be specifically admonished of his right to counsel at that time. *People v. Taylor*, 31 Ill. App. 3d 987, 335 N.E.2d 533.

In contrast the Illinois Appellate Court for the Second District has held that a waiver of the right to counsel once made and not retracted is operative throughout the entire course of the proceedings unless defendant by some affirmative action reinstates his right. *People v. McCaffrey*, 29 Ill. App. 3d 1088, 332 N.E.2d 28.

Here we need not decide which rule to follow for we have concluded that under either line of cases defendant did not waive his constitutional right to counsel at the sentencing hearing. Under the cases decided by the Fourth and Fifth Districts, defendant's waiver of counsel made prior to the commencement of trial does not carry through the sentencing proceedings. Under the decision of the Second District, a waiver of counsel made prior to trial carries through to all subsequent proceedings unless the defendant takes some affirmative action. Here defendant clearly took an affirmative action when during trial he specifically requested the appointment of the Public Defender. While it was not error for the trial judge to deny his request at that time, defendant's statement was sufficient to place the trial judge on notice that defendant desired the appointment of counsel. Under these circumstances we conclude that it was error for the trial judge to conduct a sentencing hearing without the appointment of counsel to represent defendant.

Accordingly the judgment of the circuit court of Cook County convicting defendant of battery is affirmed, and the order imposing sentence is reversed and the cause remanded for a new sentencing hearing.

Affirmed in part; reversed in part and remanded with directions.

LORENZ, P. J., and SULLIVAN, J., concur.