THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKEY ANTHONY *et al.*, Defendants-Appellants.
First District (1st Division)   No. 62739-40 cons.

Opinion filed September 7, 1976.

Lynn Sara Frackman, of State Appellate Defender's Office, of Chicago, for appellant Melvin Hodges.

Gordon H. Berry, of State Appellate Defender's Office, of Chicago, for appellant Rickey Anthony.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

In a bench trial Melvin Hodges and Rickey Anthony were found guilty of the offense of theft. Hodges was sentenced to eight months in the House of Correction and Anthony to six months in the House of Correction. They appeal contending that they did not knowingly and intelligently waive their right to the assistance of counsel.

At trial the court explained the charges and the possible sentences they could receive if found guilty. Both defendants stated that they understood. Then the court stated to them:

> "You have a right to be represented by an attorney of your own choice. If you wish to hire one I will give you a continuance for that purpose. If the Court determines that you can't afford an attorney, if you ask me, I will appoint the Public Defender to represent you at no cost to you."

The court then reviewed their other rights such as the right to a jury trial and the right to remain silent. Each defendant responded individually that he understood these rights. The court then asked each defendant individually, "do you wish to be represented by a lawyer?" Each answered, "No."

Defendants contend that their convictions should be reversed and the cause remanded for a new trial because they did not knowingly and intelligently waive their right to the assistance of counsel. Their first argument is that their waiver of counsel was invalid because the court failed to apprise them of the "dangers and disadvantages of self-representation." Defendants cite *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, which they contend established the rule that advising defendants of their right to counsel is not enough; that the court must also advise them of the danger and disadvantages of self-representation. After examining *Faretta* we do not find that it has established such a rule. In *Faretta* the issue was not whether the defendant had made a knowing and intelligent waiver of his right to assistance of counsel. There the trial court had appointed a lawyer to defend Faretta despite the fact that Faretta had demanded to defend himself. The United States Supreme Court reversed Faretta's conviction holding that a defendant has a constitutional right to defend himself. We are of the opinion that *Faretta* did not establish a rule that a defendant must be

apprised of the dangers and disadvantages of self-representation before he can validly waive his right to counsel because the waiver of that right was not at issue in *Faretta*. Failing to find any other authority supporting the defendants' theory, we reject the defendants' contention that the law requires that a defendant be apprised of the dangers and disadvantages of self-representation before he may validly waive his right to the assistance of counsel.

Defendant Hodges contends that the court's failure to explain to him the indigency requirements for appointed counsel deprived him of the opportunity to consider the availability of such counsel. We note that the court advised Hodges that it would appoint a public defender if it determined that he could not afford an attorney. Hodges made no request that the court make such a determination nor any inquiry as to what such indigency requirements might be. He only stated that he did not wish to be represented by a lawyer. We do not find that the legal authorities defendant cites support his contention that a court must either advise the defendant of the indigency requirements or make a determination of the defendant's indigency after the defendant has stated that he does not desire to be represented by a lawyer following the court's admonition that it will appoint an attorney if the defendant cannot afford one. Section 113—3(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 113—3(b)) which defendant cites, states that, "if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." This requires that two conditions be met before a public defender is mandated; that the defendant desires counsel and that he is indigent. In the instant case the defendant stated he did not desire counsel after the court advised him that it would appoint a public defender if he could not afford an attorney. We do not find that this statute requires a determination of indigency where the defendant did not request an attorney or a determination of his indigency. *People v. Greene*, 31 Ill. App. 3d 147, 333 N.E.2d 661, which defendant also cites, is distinguishable from our case. In *Greene*, the trial court failed to inquire whether the defendant understood the nature of the charge, and had not advised the defendant of the possible sentence or his right to have an attorney appointed if indigent in violation of Supreme Court Rule 401(a). Ill. Rev. Stat. 1973, ch. 110A, par. 401(a).

Supreme Court Rule 401(a) states that a court shall not permit a defendant to waive counsel without first advising the defendant of the nature of the charge, the possible sentence if convicted and "that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." In our case the court advised the defendants of these requirements, following the rule almost word for word, and defendants stated that they understood their rights and did not wish to be represented

by counsel. This rule does not contain mention of advising a defendant of the "dangers and disadvantages of self-representation" or what the indigency requirements would be. We have not found any authority which requires such advisement after a defendant states that he understands his rights listed in Rule 401(a) and that he does not want to be represented by a lawyer. A defendant may waive his constitutional right to be represented by counsel if the waiver is done knowingly and intelligently. (*Adams v. United States ex rel. McCann*, 317 U.S. 269, 87 L. Ed. 268, 63 S. Ct. 236; *People v. Hessenauer*, 45 Ill. 2d 63, 256 N.E.2d 791; *People v. Motis*, 23 Ill. 2d 556, 179 N.E.2d 637.) In *Hessenauer* the trial court used almost identical language as the court in the instant case when it said, "at the trial you have the right to be represented by an attorney and if you cannot afford one, it would be the duty of this Court to appoint an attorney to represent you." (45 Ill. 2d 63, 66, 256 N.E.2d 791, 793.) The Illinois Supreme Court found that these words had effectively admonished the defendant of his right to be represented by an attorney at trial. We note that in *Hessenauer* there was no admonition of the dangers of self-representation or a discussion by the trial court of the indigency requirements. We are of the opinion that both defendants herein knowingly and intelligently waived their right to be represented by counsel.

Accordingly the judgments are affirmed.

Judgments affirmed.

GOLDBERG, P. J., and SIMON, J., concur.