THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES ALBERT DUMAS, Defendant-Appellant.

Fourth District    No. 14146

Opinion filed July 18, 1977.

638

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted upon pleas of guilty to charges of theft over $150, unlawful use of weapons and resisting a peace officer. He appeals the denial of his motion to vacate his pleas.

It is argued here that the court abused its discretion in denying the motion to withdraw the pleas, that the trial court erred in denying such pleas because counsel failed to file a certificate required by Supreme Court Rule 604(d), and that the trial court erred in appointing the same public defender to represent defendant upon the motion to withdraw as had represented him at the making of the pleas.

A chronology of the proceedings is relevant. These charges were set for jury trial on December 22, 1975. Between two and three weeks prior to that date defendant had been convicted of murder and armed robbery at a jury trial. This court affirmed in *People v. Dumas* (1977), 49 Ill. App. 3d 756, 364 N.E.2d 616. On December 22, defendant appeared with appointed counsel and advised the court that he wished to enter the pleas of guilty which were to be made without any negotiation. The court proceeded to fully admonish the defendant under the provisions of Supreme Court Rule 402. The factual basis of the plea disclosed testimony which would support a finding of guilt on all offenses. Defendant was then 33 years of age, a high school graduate. The record discloses that he was then on parole in another State. Judgments of the conviction were entered and the causes referred for presentence investigation.

Defendant was returned upon a writ of *habeas corpus ad prosequendum* for a sentence hearing on April 23, 1976. It appears that he was then serving a sentence for murder and armed robbery. Prior to the commencement of the hearing, counsel stated to the court that defendant wished to withdraw his pleas of guilty and that the court was being advised so that it would be known that the motion to withdraw was not made because of the sentence which might be imposed. The court and counsel appeared to interpret Supreme Court Rule 604(d) to mean that a motion to withdraw the pleas could not be made until after sentence was imposed.

At the sentence hearing defendant refused to introduce evidence in mitigation for the stated reason that he "takes the position that he was not in fact guilty of the offenses [*sic*] to which he pleaded guilty. * * * There

is no sentence appropriate to a person who is not guilty." At the conclusion of the sentence hearing the court appointed the same public defender to prepare the motion to withdraw the plea.

The written motion filed alleged that defendant had been convicted of murder for which he was not guilty and that "incorrect conviction" made him confused and emotionally overwrought at the time of his change of plea, and that because of such condition he "did not knowingly and understandingly waive his trial rights."

On September 27, 1976, defendant was again returned upon writ of *habeas corpus* to testify upon the motion. He testified to a "whole lot of duress because of the guilty verdict [murder]." He defined "duress" by saying "I just got confused, like pressure and emotional strain. I just wanted to go ahead and get it over with." He expressly excluded duress in the context of threats or coercion by any one which induced him to plead guilty. He testified that he had no recollection of the questions addressed to him by the court or his answers made to the court upon the admonitions given pursuant to Rule 402.

In denying the motion the court examined the plea proceedings and stated that defendant had shown no hesitancy in answering the questions asked at the time of the pleas and that he believed that defendant fully understood the nature of the pleas made, both from his answers and from his demeanor and appearance at the time.

In asserting that the denial of the motion was an abuse of discretion, defendant recites only the language in *People v. Jameson* (1944), 387 Ill. 367, 56 N.E.2d 790, and *People v. Walston* (1967), 38 Ill. 2d 39, 230 N.E.2d 233, that judicial discretion upon consideration of a motion to withdraw a plea should always be exercised in favor of innocence and that the motion should be allowed where the ends of justice will be served.

■■ Such language, however, requires a factual foundation and substance for the exercise of the beneficent principle stated. The opinions of our reviewing courts show that such language is not intended to erode the solemn function of the plea of guilty or to make such plea meaningless and a matter of whim. There is no absolute right to withdraw a plea of guilty, but such is granted to correct an apparent injustice of substance. (*People v. Johnson* (1975), 28 Ill. App. 3d 902, 329 N.E.2d 900.) So it is said that the granting of a motion to withdraw a plea of guilty is a matter of judicial discretion which will not be disturbed on review unless such discretion is abused.

In *Jameson*, defendant entered a plea of guilty to murder without advice of counsel and without knowledge of the law relating to the right of self-defense. In stating that the withdrawal of plea should be allowed, the court stated:

"The rule has often been announced in this State that permission

to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court and this discretion will not ordinarily be disturbed unless it appears that the plea of guilty was entered on a misapprehension of the facts or of law, or in consequence of misrepresentation by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by the jury and the ends of justice will be better served by submitting the case to a jury. [Citation.]" 387 Ill. 367, 374-75, 56 N.E.2d 790, 793-94.

In *Walston*, the plea was made under circumstances of haste and confusion with substituted counsel appearing for defendant. The court concluded that there was some possibility that defendant may have understood that he would receive probation upon his plea. The cause was remanded for further hearing to ascertain whether there was, in fact, a basis for misunderstanding on the part of the defendant on that question.

■■ ■ An allegation or assertion of innocence without factual substance is insufficient to require allowing the withdrawal of the plea if defendant is adequately informed of the nature of the charges and the consequences of such plea. (*People v. Pierce* (1971), 48 Ill. 2d 48, 268 N.E.2d 373; *People v. Linden* (1975), 27 Ill. App. 3d 45, 325 N.E.2d 809.) The burden is on defendant to establish the fact of misunderstanding or the fact of misrepresentation to him by counsel or others or that the ends of justice require the withdrawal of the plea. *People v. Helse* (1974), 23 Ill. App. 3d 944, 320 N.E.2d 375; *People v. Linden* (1975), 27 Ill. App. 3d 45, 325 N.E.2d 809.) We agree with the trial court that the record of proceedings at the taking of the plea persuade that the plea was understandingly made. On the contrary, the testimony of defendant upon the motion to withdraw his plea is neither convincing nor persuasive in his complete want of recollection of that which he said and did in response to the court's admonitions during the taking of the plea. The record discloses that defendant was streetwise and had a criminal record suggesting substantial experience in criminal procedure. The decision to change his plea was not made immediately upon the impact of his jury conviction for substantially three weeks intervened.

■■ Counsel's certificate of compliance with Supreme Court Rule 604(d) was filed pending appeal as a supplemental record. In *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122, this court held that it will review the action of the trial court where a certificate substantially complying with Supreme Court Rule 604(d) is filed pending appeal, where the record is sufficient to review the allegations of error and where the purposes of the certificate have been fulfilled. This record meets such

requirements. See also *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255.

■■ Defendant argues that the trial court erred in appointing the same counsel to represent him upon the motion to withdraw the plea as represented him at the time of such plea. It is asserted that "it is necessary" to appoint other counsel because of the "inherent conflict of interest." The record does not support such argument. At the time the plea was made defendant advised the court that he was satisfied with the services of counsel. At the sentence hearing counsel made known defendant's wish to withdraw his pleas. The records of both the sentence hearing and that of the motion to withdraw contained no suggestion of dissatisfaction with counsel. There was no objection made by defendant when the court advised that he would appoint the same attorney to represent defendant upon the motion to withdraw the plea. It is not now contended that counsel did not completely serve.

Defendant cites *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, and *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923. As pointed out in *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122, and *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255, in both *Terry* and *Smith* the issue of the competence of counsel was raised in the trial court coincident to the appointment of counsel or in the proceedings in such court. In the absence of defendant's actual claim of incompetent counsel, we find no authority to raise a *per se* presumption of a conflict of interest based upon an unalleged possible claim on incompetent counsel. Neither *Smith* nor *Terry* undertakes to state such a procedural requirement. We decline to do so.

The judgment is affirmed.

Affirmed.

GREEN, P. J., and REARDON, J., concur.