THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARLENE McMURRAY, Defendant-Appellant.

First District (5th Division)    No. 77-389

Opinion filed November 23, 1977.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Arlene McMurray, defendant, was charged by misdemeanor complaints with the battery of two police officers, an assault upon a private citizen, resisting a police officer and disorderly conduct. (Ill. Rev. Stat. 1975, ch. 38, pars. 12—1, 12—3(a), 26—1(a)(1) and 31—1.) After a bench trial, she was found guilty of the batteries, disorderly conduct and resisting a police officer, and sentenced to a term of six days periodic imprisonment. She was found not guilty on the assault charge.

Defendant appeals, contending that: (1) the trial court failed to effectively advise her of her right to counsel before accepting her waiver in that regard; (2) she did not knowingly and voluntarily waive her right to trial by jury; and (3) the result of the trial would have been different had she been represented by counsel.

The complaints arose out of a single incident which occurred on May 20, 1976, outside defendant's residence in Markham, Illinois. The record discloses defendant was an 18-year-old college student and resided with her parents at the time. She had been released on bail the day following the incident.

When the matter was called for trial on June 11, 1976, the following colloquy occurred between the trial court and defendant:

> "THE COURT: You are charged with the offense of Battery by Officer Jaskolski. The further offense of Battery by Officer Holloway of Markham. The charge of Disorderly Conduct by one Merlon Jackson. Yes. Merlon Jackson. And the charge of an Assault upon the Complaint of Merlon Jackson, and the charge of Resisting a Peace Officer by Officer Robert Holloway of the Markham Police Department.
>
> Are you ready for trial this morning?
>
> MISS McMURRAY: Yes.
>
> THE COURT: And, did you wish trial by The Court or a Jury Trial?

MISS McMURRAY: Court.

THE COURT: And, to the charges, first of Resisting a Peace Officer on the Complaint of Officer Holloway, how do you plead?

MISS McMURRAY: Well, I resisted him, but I felt I had a, within reason. I've felt I was right.

THE COURT: You have to say Guilty or Not Guilty.

MISS McMURRAY: Well, I am pleading why I feel that—Not Guilty.

THE COURT: Not Guilty. All right. Now, to the Charge of Assault as brought by Merlon Jackson, how do you plead?

MISS McMURRAY: Not Guilty.

THE COURT: Not Guilty? Not Guilty?

MISS McMURRAY: Yes.

THE COURT: To the charge of Disorderly Conduct?

MISS McMURRAY: Not Guilty.

THE COURT: Let me tell you what that charge says. It says you did use obscene language and a loud voice while standing in Mr. Jackson's yard at 16320 Ashland in Markham causing a breach of the peace.

How do you say to that, Not Guilty?

MISS McMURRAY: Yes.

MR. GARZA [Assistant State's Attorney]: What is that plea on the charge?

THE COURT: Not Guilty.

MR. GARZA: Okay.

THE COURT: On the charge of Battery as brought by Officer Holloway who says that on May 20th at 16314 Ashland in Markham you, without legal justification caused bodily harm by kicking him, that is Officer Holloway, in the face and scratching him about the arms and neck.

MISS McMURRAY: That, without legal justification I plead Not Guilty to any of those charges.

THE COURT: All right. And, to the charge of Battery as complained to by Officer Jaskolski, how do you, same plea?

MISS McMURRAY: Right.

THE COURT: Not Guilty to all charges. All right.

Now, you now prepare to go to trial on these charges without an attorney?

MISS McMURRAY: Yes, sir; I am.

THE COURT: Are you aware you, of course, have the right to employ your own attorney?

MISS McMURRAY: Yes.

THE COURT: And, further, that if you are unable to employ an

attorney, that one would be appointed for you without charge?

MISS McMURRAY: Yes.

THE COURT: Now, being aware of your Rights to counsel of your own choosing or Court appointed attorney, you still wish to go to trial without an attorney?

MISS McMURRAY: Yes.

THE COURT: Now, you should know that if you are found Guilty of the offenses here, particularly the offenses other than the Disorderly conduct, that if there were a Finding of Guilty on the charges of Battery or on the charge of Assault, that those are Class A Misdemeanors, and that the maximum penalty that can be imposed for it on a conviction, a Finding of Guilty, would be a fine of up to $1,000.00 and a period of confinement not to exceed one year.

MISS McMURRAY: The sentence be the same if I was, plead guilty?

THE COURT: Would —

MISS McMURRAY: If I were to plead Guilty, would it also be the same?

THE COURT: Well, yes. It is the same whether you plead Guilty or whether you are found Guilty. Those are the maximum, the maximum, the maximum penalties.

MISS McMURRAY: I understand.

THE COURT: Now, I will now ask the State to indicate whether, if there is a Finding of Guilty or were you to plead Guilty, whether they would ask that you be sentenced to confinement?

MR. GARZA: One second, please, Your Honor.

At this time, Your Honor, at this point in the proceedings we would be waiving jail time.

THE COURT: The State's Attorney says they are not going to seek to put you in prison if there is a Finding of Guilt. That leaves you most with the possibility of paying a fine.

MR. GARZA: Judge, I am saying, Your Honor, I said the opposite.

THE COURT: You mean you are going to see to—

MR. GARZA: We won't waive jail time in this particular case at this point, Judge.

THE COURT: Now, knowing that, do you still wish to proceed?

MISS McMURRAY: Yes.

THE COURT: Without being represented by an attorney?

MISS McMURRAY: Yes, sir.

THE COURT: You still wish to proceed knowing the maximum consequences of a Finding of Guilty?

MISS McMURRAY: Yes.

THE COURT: Let the record show the Defendant has knowingly, understandingly waived her Rights to a counsel, having her Rights to counsel explained to her, and, and knowingly, understandingly—

MISS McMURRAY: At the present time—

THE COURT: —Plea of Guilty and demands trial this morning, having been explained the maximum penalty of a Finding of Guilty on the Class A Misdemeanor—

MISS McMURRAY: At this, at the present time I would wish to have an attorney.

THE COURT: What? Pardon?

MISS McMURRAY: At, at the present time I don't wish to have an attorney.

THE COURT: You do?

MISS McMURRAY: I don't.

THE COURT: Well, that is, I understood that clearly. You are now ready to go, to have your cases heard?

MISS McMURRAY: Yes.

THE COURT: Very well. All the witnesses will kindly be sworn."

The witnesses were thereupon sworn, and the trial court asked defendant if she had any witnesses present. Defendant replied that people were present at the incident, but that they were not in the courtroom, and when asked by the court if she wished them to be there, defendant responded, "not at the present time" and "they didn't wish to be here." Trial commenced, but since defendant does not argue that she was not proven guilty beyond a reasonable doubt, it is unnecessary to summarize the evidence presented.

Defendant contends that the trial court failed to effectively advise her of her right to counsel before accepting her waiver in that regard. We agree. Supreme Court Rule 401(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 401(a)) relates to waiver of counsel in criminal matters. It recites:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

■■ It is established that a finding of waiver of counsel is not to be lightly made. The record must demonstrate the accused was offered counsel, and knowingly and intelligently refused the offer. (*People v. Trump* (1976), 38 Ill. App. 3d 44, 46, 347 N.E.2d 252.) Something more than a routine inquiry by the court is required. *People v. Bush* (1965), 32 Ill. 2d 484, 207 N.E.2d 446.

In the instant case, the colloquy between the trial court and the defendant relating to her waiver of counsel demonstrates she did not knowingly and understandingly waive her right in that regard. Defendant demonstrated confusion during the colloquy, and at one point stated she desired the assistance of counsel. The record discloses defendant's youthful age and her lack of experience with and ignorance of the criminal process. While a trial court is not required to admonish a defendant as to the "dangers and disadvantages of self-representation" or what the requirements of indigency might be (*People v. Anthony* (1976), 42 Ill. App. 3d 102, 105, 355 N.E.2d 680), the admonishments given by the trial court in this case fell short of that required to effect a proper waiver. Under the circumstances, the trial court should not have accepted defendant's waiver of counsel without further inquiry as to her understanding of her rights in that regard.

■■ Defendant also claims that she did not knowingly and voluntarily waive her right to trial by jury, inasmuch as that subject was disposed of by the trial court in a cursory manner. This case must be remanded for a new trial. It is therefore unnecessary to resolve this question since we are of the opinion that circumstances which occur upon the further proceedings will not occasion the need for another claim in this regard.

For these reasons the judgment of the circuit court is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

LORENZ and MEJDA, JJ., concur.