THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
AMY JOY CHRISTENSEN, Defendant-Appellant.

Fourth District   No. 4—89—0886

Opinion filed May 24, 1990.

J. Steven Beckett, of Beckett & Crewell, and Roger B. Webber, both of Champaign, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert

J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant pleaded guilty to burglary and now appeals from the denial of her motion to withdraw her guilty plea, claiming that the plea was involuntary and taken in violation of her right to counsel. We affirm.

On April 20, 1989, Detective Earl Ashmore of the Charleston police department questioned defendant, an 18-year-old student at Eastern Illinois University, about several items taken from a vehicle on or around April 12, 1989. Defendant admitted taking a citizen's band radio (CB) and a "fuzz buster" from a vehicle on April 13, 1989, without the owner's permission. Defendant later sold the items for $10 each.

After defendant admitted taking the items, Detective Ashmore phoned the State's Attorney, referred to defendant as a "special case," and asked the State's Attorney for a "walk-through." A "walk-through" is a procedure in which qualified defendants agree to plead guilty to the offense charged, and in return are not arrested, spend no time in jail, meet with the probation office, review and sign a probation order prior to a court appearance, appear before the court in a plea hearing, agree to waive a preliminary hearing, and are then given the option to either accept or reject the arrangement. Detective Ashmore informed defendant that by entering a plea of guilty, she would receive two years' probation and pay restitution and other fees.

On May 3, 1989, an information was filed charging defendant with burglary in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 19—1(a)). Pursuant to the walk-through agreement, defendant arrived at the Charleston jail, along with her mother, on May 8, 1989, and was directed to the probation office, where she met with probation officer Mike Hughes. Hughes asked defendant whether she had an agreement for the walk-through, and gave her a probation order, which she and Hughes signed. Defendant's mother then paid Hughes $500 for probation fees and restitution. Hughes told defendant that she could pick up a copy of the probation order with the judge's signature a few days after the court proceeding.

That same day, May 8, 1989, defendant went to the courtroom with six others who were also tentatively entering guilty pleas. Defendant was not represented by counsel. The trial court extensively admonished defendant of her rights in accordance with Supreme Court Rules 401 (waiver of counsel) and 402 (pleas of guilty). (107 Ill.

2d Rules 401, 402.) The court further explained in detail that by pleading guilty, defendant would waive all her rights. The court added, however, that the seven cases were being heard together to save time and that any one defendant did not have to give up any right simply because one or more of the others had done so. One of the defendants in fact decided to plead not guilty. Defendant acknowledged that she understood the court's instructions, and informed the court that she still wished to plead guilty and that she was not acting under any threats or promises, but of her own free will.

Twice during the court's instructions defendant showed some uncertainty and asked the court to clarify her rights. The first inquiry was made after the court explained to defendant her right to a preliminary hearing and asked her if she wished to waive the right. Defendant responded:

"DEFENDANT: I don't know, Sir.

THE COURT: Well, you have made some kind of agreement with [the assistant State's Attorney] and he said you would get a certain sentence if you entered a plea of guilty today, is that correct?

DEFENDANT: Correct, Sir.

THE COURT: And is it pursuant to that agreement that you are waiving your preliminary hearing?

DEFENDANT: Yes, Sir."

The court found defendant to have waived the right to a preliminary hearing.

Defendant also asked the court about her right to an attorney. After the court instructed defendant twice of her right to an attorney, defendant replied that she understood. The court continued:

"THE COURT: Do you have an attorney to represent you in your case, [Miss Christensen]?

DEFENDANT: No, Sir.

THE COURT: Do you want me to consider appointing an attorney to represent you in your case, [Miss Christensen]?

DEFENDANT: I don't know. Is it really necessary, Sir?

THE COURT: Well, that is only for you to decide. You have the right to be represented by an attorney if you want to and if you can't afford one, I will consider appointing one for you; but only you can make the decision as to whether you want one or not.

DEFENDANT: Yes, Sir, I guess.

[ASSISTANT STATE'S ATTORNEY]: Your honor, if that is the case, we would have to have her fill out an affidavit."

The court went into recess so that the assistant State's Attorney could speak to defendant about obtaining an attorney.

During the recess, assistant State's Attorney Novak once again instructed defendant of her right to an attorney, and noted that if defendant could not afford one, the court would appoint an attorney to represent her. Defendant asked the assistant State's Attorney if she would receive what she was "supposed to get" if she went through with the proceeding. Assistant State's Attorney Novak responded affirmatively. Later in the hearing, defendant was again informed of her continuing right to an attorney but declined to be represented by counsel.

After finding that defendant voluntarily waived her rights and pleaded guilty, the court went over the factual basis for the plea and the evidence that would be presented at trial. Defendant acknowledged that she understood the charges and the factual basis for the plea and the court accepted the walk-through agreement promised defendant.

On June 7, 1989, defendant filed a motion to withdraw her guilty plea, claiming that the plea was entered involuntarily and that she did not voluntarily waive her right to counsel. As her basis for the motion, defendant testified at the October 17, 1989, hearing that she was afraid that if she did not go along with the plea proceedings in the manner expected of her, she would "mess up" the special deal and go to jail. The court denied the motion, and defendant filed a timely notice of appeal.

On appeal, defendant argues that the walk-through procedure created a situation in which she did not knowingly and voluntarily enter her plea of guilty and did not knowingly and intelligently waive her right to counsel. Defendant maintains that the walk-through procedure caused her to misapprehend both facts and law due to the actions of those in authority.

■■■ We first address defendant's argument that the walk-through procedure created a situation which rendered her plea of guilty involuntary. Because a guilty plea is a conviction in itself and involves the waiver of constitutional rights, due process requires the record to affirmatively demonstrate that a guilty plea was entered intelligently and voluntarily. (*People v. Jones* (1988), 174 Ill. App. 3d 794, 529 N.E.2d 66.) The decision whether to allow a defendant to withdraw a plea of guilty is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. (*People v. Van Ostran* (1988), 168 Ill. App. 3d 517, 522 N.E.2d 851.) Permission to withdraw a plea is granted not as a matter of right, but in-

stead to correct a manifest injustice based on the facts of the case. (*People v. Dumas* (1977), 50 Ill. App. 3d 637, 365 N.E.2d 1320.) Defendant has the burden of proving that the ends of justice require the withdrawal of the plea. (*Dumas*, 50 Ill. App. 3d 637, 365 N.E.2d 1320.) To attain a reversal of a trial court's decision denying a motion to withdraw a guilty plea, a defendant must normally establish that (1) the guilty plea was attributable to a misapprehension of law or fact on his part; (2) he has a defense to the charge(s) worthy of consideration; or (3) there is doubt as to his guilt, and the ends of justice would be better served by a trial of the cause. *People v. Cosby* (1985), 137 Ill. App. 3d 854, 484 N.E.2d 1165.

Defendant does not claim that she has a defense to the charge or that there is any doubt as to her guilt. Instead, defendant argues that her guilty plea was attributable to a misapprehension of the facts on her part. Defendant argues that Detective Ashmore's reference to her as a "special case" caused her to believe she was being given a special deal which she should not "mess up." Hughes also allegedly reinforced defendant's belief that she should not "mess up" a special deal because she signed a probation order and her mother paid the required amount of restitution and fees. Defendant insists that because the consequences of the plea preceded the guilty plea itself, the plea proceeding was nothing more than a formality, simply another step to comply with without "messing up" and landing in jail. Finally, defendant contends that representations made by the assistant State's Attorney during the plea hearing reinforced her belief that if she continued to comply with the proceedings and not "mess up," she would be allowed to continue with her special arrangement. The assistant State's Attorney told defendant that she would receive what was promised, probation and payment of fees, if she went through with the walk-through proceeding.

█▌ █ To vacate a plea based on a misapprehension of law or fact, the defendant must establish that her mistaken beliefs or impressions were reasonably justified under all the circumstances when those circumstances are judged by an objective standard rather than by the defendant's own subjective impression. (*People v. Hale* (1980), 82 Ill. 2d 172, 411 N.E.2d 867.) The only misapprehension defendant alleges is her subjective perception that she would go to jail or get into more trouble if she "messed up." Defendant presented no evidence other than her subjective perception that this misapprehension was reasonable, and alleged no threats to send her to jail if she did not follow through with the plea. The trial court was not required to accept defendant's testimony at the motion to withdraw her guilty plea but

could instead regard it as at best improbable and at worst false. (*Van Ostran*, 168 Ill. App. 3d at 521, 522 N.E.2d at 853.) The evidence presented shows only that defendant was promised probation and payment of fees in return for her guilty plea and that defendant accepted and received this agreement.

■ We further do not agree with defendant's assertion that the walk-through procedure, along with the representations by Detective Ashmore, Hughes, and Assistant State's Attorney Mark Novak, created a momentum which rendered her plea involuntary in that it caused her to go ahead with a plea that she did not fully understand. Defendant was an 18-year-old college student who received a very thorough reading of her rights and options as an accused. No misrepresentations were made, or even alleged. Defendant's argument is contradicted by her own actions at the hearing when she asked the court to explain the waiver of the preliminary hearing and her right to an attorney. It thus cannot be said that defendant failed to understand the court's instructions and answered the questions by rote. The fact that one of the defendants at the hearing declined to plead guilty and did not "get into more trouble" by "messing up" also casts doubt on defendant's argument. Defendant therefore could not have reasonably believed that she was compelled to plead guilty, could not change her mind, or that the plea proceedings were a mere formality.

We next address defendant's argument that she was under a misapprehension of law and facts which caused her to not knowingly and intelligently waive her right to counsel. Supreme Court Rule 401 provides:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 107 Ill. 2d R. 401(a).

■ A finding of waiver of counsel is not to be lightly made, and the record must demonstrate the accused was offered counsel and

knowingly and intelligently refused the offer. (*People v. McMurray* (1977), 55 Ill. App. 3d 581, 371 N.E.2d 46.) Something more than a routine inquiry by the court is required. (*McMurray*, 55 Ill. App. 3d 581, 371 N.E.2d 46.) Strict compliance with Rule 401(a) is required with the exception of cases where it appears that the defendant has a high level of legal sophistication. *People v. Woods* (1980), 84 Ill. App. 3d 938, 405 N.E.2d 1238.

██ It is clear from the record that the court strictly complied with Rule 401(a). Defendant, however, argues that she lacked legal sophistication and was obviously confused during the hearing so as to not intelligently and voluntarily waive the right to counsel. Defendant cites several cases as examples of appellate courts reversing trial court decisions denying the withdrawal of a guilty plea because of defendants' confusion. We find defendant's cases factually distinguishable from the instant case.

Defendant first cites *McMurray*, in which the defendant, an 18-year-old college student, informed the court that she did not wish to be represented by counsel. (*McMurray*, 55 Ill. App. 3d 581, 371 N.E.2d 46.) However, as the court there was stating for the record that it found defendant to have waived the right to counsel, the defendant interrupted the court and stated that she did wish to have an attorney. The court, surprised by the statement, asked:

"THE COURT: What? Pardon?

[DEFENDANT]: At, at the present time I don't wish to have an attorney.

THE COURT: You do?

[DEFENDANT]: I don't.

THE COURT: Well, that is, I understood that clearly. You are now ready to go, to have your cases heard?

[DEFENDANT]: Yes." (*McMurray*, 55 Ill. App. 3d at 585, 371 N.E.2d at 49.)

The appellate court in *McMurray* found that defendant had not intelligently and voluntarily waived her right to counsel because she demonstrated confusion when questioned about her desire to be represented by counsel. The appellate court stated that the trial court should have inquired further once the defendant appeared confused about her right to counsel. In the instant case, once defendant questioned the court about her right to counsel, she was instructed again by the court and by the assistant State's Attorney of her right to counsel. After these additional instructions, defendant displayed no confusion and waived her right to counsel. The court followed this waiver by informing defendant of her continuing right to counsel at any time during the proceeding, which

defendant acknowledged she understood.

Defendant also relies on *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688, in which the defendant, an 18-year-old male with a history of a low IQ, nine years of special education, and no criminal history, was charged with driving under the influence and decided that he did not want to be represented by counsel. This court reversed the defendant's conviction because the circuit court failed to strictly comply with Rule 401(a) by not advising the defendant of the minimum and maximum sentences. In the instant case, the trial court strictly complied with Rule 401(a).

Defendant also cites several cases in which the appellate court rejected arguments that defendants had failed to effectively waive their right to counsel. (*People v. Houston* (1988), 174 Ill. App. 3d 584, 529 N.E.2d 292; *People v. Davis* (1988), 169 Ill. App. 3d 1, 523 N.E.2d 165; *People v. Kessler* (1983), 113 Ill. App. 3d 354, 447 N.E.2d 495.) In each of these cases, the appellate court rejected defendants' arguments because each defendant showed either obvious legal sophistication or a familiarity with the criminal justice system. Defendant argues here that the record reveals that she was obviously confused with the plea proceeding, thereby demonstrating her lack of legal sophistication. While defendant may have lacked the requisite legal sophistication, the trial court strictly complied with Rule 401(a), which was all that was required.

■ Finally, defendant argues that the trial court erred because it did not inform her that she could halt the proceedings and hire an attorney of her own choosing in addition to having one appointed for her. Defendant's argument is without merit. Defendant received an extensive reading of her right to counsel pursuant to Rule 401(a). Included in this reading was the explanation of defendant's right to have an attorney during the entire proceeding and the fact that the court would appoint an attorney to represent defendant if she could not afford one. Defendant offers no authority for the proposition that the trial court was obligated to inform her that she could halt the proceedings and hire her own attorney, even after admonishing defendant of her right to an attorney pursuant to Rule 401(a). We decline to create the authority for such an instruction.

We find no abuse of discretion by the trial court and accordingly affirm the trial court's decision.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.